IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 17-00104 JMS-KJM |
| --- | --- |
| Plaintiff, | CR. NO. 21-00096 JMS |
| vs. | ORDER DENYING MOTION TO WITHDRAW PLEAS, ECF NO. 1394 |
| LEIHINAHINA SULLIVAN, | |
| Defendant. | |

# ORDER DENYING MOTION TO WITHDRAW PLEAS, ECF NO. 1394

## I. INTRODUCTION

Defendant Leihinahina Sullivan ("Defendant") is currently pending sentencing. On July 26, 2022, through counsel, Defendant filed a "Motion to Withdraw Pleas" of guilty pursuant to Federal Rule of Criminal Procedure 11. ECF No. 1394.[1] Because Defendant has failed to provide a fair and just reason to withdraw from her pleas of guilty, the motion is DENIED.

\\\

\\\

\\\

---

[1] Unless otherwise specified, all references to filings in this Order are to the docket in Cr. No. 17-00104 JMS-KJM.

## II. BACKGROUND

These cases have a long and complicated history, and this Order provides only the facts and background necessary to address Defendant's current Motion to Withdraw Pleas.

Defendant was initially indicted by a federal grand jury on February 15, 2017. ECF No. 1. A Second Superseding Indictment was returned by the grand jury on March 28, 2018, ECF No. 95, and a Third Superseding Indictment was returned by the grand jury on July 25, 2019, ECF No. 188.

While the Third Superseding Indictment was pending, Defendant decided to forego counsel and represent herself. The court conducted an exhaustive two-day inquiry on September 6 and 11, 2019, pursuant to *Faretta v. California*, 422 U.S. 806 (1975). ECF Nos. 229, 236. During this *Faretta* inquiry, Defendant was informed of the "three elements" of self-representation. That is, she was made aware of: (1) the nature of the charges against her (including wire fraud in violation of 18 U.S.C. § 1343 and aggravated identity theft in violation of 18 U.S.C. § 1028A, among other charges); (2) the possible penalties (including the possible penalties for wire fraud and for aggravated identity theft); and (3) the dangers and disadvantages of self-representation. *See* ECF Nos. 229, 236; *see also, e.g.*, *United States v. Farhad*, 190 F.3d 1097, 1099 (9th Cir. 1999) (reciting the three elements of a *Faretta* inquiry).

As relevant to the instant motion, the court informed Defendant that, if convicted, sentencing in federal court involves the sentencing guidelines and the other 18 U.S.C. § 3553(a) factors. She was told that the sentencing guidelines are complex, and that the prosecutors will understand these guidelines, and she will not. As is the court's standard practice in *Faretta* inquiries, Defendant was told that it won't be a "fair fight" when it comes to understanding the sentencing guidelines, and that the decision to proceed pro se is unwise.

After the lengthy inquiry, the court found that Defendant

> has made an unequivocal request to represent herself. That her waiver of right to counsel is knowing, intelligent and voluntary. She understands the nature of the charges against her, the possible penalties and the many disadvantages and pitfalls of self-representation. She understands the right to counsel and her right to proceed pro se. She also understands the ramifications of her decision, waiving her right to counsel and the decision to represent herself is knowing, intelligent and voluntary.

ECF No. 236.[2]

A Fourth Superseding Indictment was then returned by the grand jury on December 26, 2019. ECF No. 495.[3]

---

[2] At the conclusion of the *Faretta* inquiry, the court appointed standby counsel to assist Defendant. ECF No. 236.

[3] On December 19, 2019, the court granted Defendant's Motion to Dismiss the Third Superseding Indictment without prejudice based on violation of the Speedy Trial Act. ECF No. 472. The Fourth Superseding Indictment was filed in response to that Order and includes the same allegations and counts as in the Third Superseding Indictment. *Compare* ECF No. 188, *with* ECF No. 495.

On June 21, 2021, the court was informed that the parties had reached a plea agreement. ECF No. 1166. Starting on June 22, 2021, and extending over the course of nearly a month, the court conducted an exhaustive Rule 11 plea colloquy. *See* ECF Nos. 1173, 1174, 1181, 1187, 1188, 1192, 1195, 1196, 1202.

Defendant and the United States negotiated three separate plea agreements over this period of time. During the change-of-plea hearings for the first two plea agreements, Defendant was unable or unwilling to provide a factual basis as to certain counts, and thus the parties negotiated a final plea agreement apparently to accommodate Defendant. Ultimately, on July 20, 2021, Defendant entered a plea of guilty to three counts of wire fraud in violation of 18 U.S.C. § 1343 as charged in the Fourth Superseding Indictment (counts 1, 29, and 35) and a single count of aggravated identity theft in violation of 18 U.S.C. § 1028A as charged in an Information filed on July 16, 2021, in Cr. No. 21-00096 JMS.[4] ECF No. 1203 at PageID # 12420–21; ECF No. 1 in Cr. No. 21-00096 JMS. As is the practice in this District, and for administrative reasons, the Information was assigned a new case number, Cr. No. 21-00096 JMS. In return for Defendant's

---

[4] All three versions of the plea agreement required Defendant to enter a plea of guilty to three counts of wire fraud and one count of aggravated identity theft. All three versions also required the Government to dismiss the remaining counts of the Fourth Superseding Indictment after sentencing. The difference is that the first two plea agreements contemplated that Defendant would enter a plea of guilty to one count of aggravated identity theft as charged in the Fourth Superseding Indictment, while under the final plea agreement Defendant pled guilty to one count of aggravated identity theft as charged in the Information.

plea of guilty, the United States agreed to move to dismiss the remaining 57 counts of the Fourth Superseding Indictment after sentencing. ECF No. 1203 at PageID # 12421.

Within roughly a week of entering her pleas, Defendant filed a "Motion for Leave to Withdraw my Plea as a Violation of my United States Constitutional Rights Amendments One, Fourth, Fifth, Sixth, Fourteenth; Breach of Contract, Prosecutorial Misconduct; Federal Rules of Criminal Procedure Rule 11" ("First Motion to Withdraw"). *See* ECF No. 1210; ECF No. 9 in Cr. No. 21-00096 JMS. Defendant argued that she should be permitted to withdraw from her plea of guilty allegedly because: (1) she was not aware of her rights and certain constitutional protections in Cr. No. 21-00096; (2) a press release issued by the Government after her change of plea was inaccurate and thus constitutes a breach of the plea agreement; and (3) the Government engaged in prosecutorial misconduct, did not provide her with full discovery, and obtained certain of her psychiatric records for purposes of evaluating her competency to proceed pro se. ECF No. 1210 at PageID ## 12461–63.

On August 23, 2021, the court denied the First Motion to Withdraw. ECF No. 1218. The court determined that Defendant failed to present any fair and just reason to permit her to withdraw from the plea of guilty and that Defendant,

instead, had merely had a change of heart—an insufficient reason to grant the Motion to Withdraw.

On February 4, 2022—after roughly two-and-a-half years of litigation, including over 1,000 docket entries, with Defendant proceeding pro se—the court revoked Defendant's pro se status and appointed counsel to represent her at sentencing. ECF Nos. 1349, 1352.

On January 18, 2022, a draft presentence report was filed and provided to the parties. ECF No. 1314. That report determined loss under the United States Sentencing Commission Guidelines ("sentencing guidelines") based on the counts of conviction and other charged and uncharged conduct. Then, based on a review of the Parties' Stipulation to Request an Evidentiary Sentencing Hearing on Certain Factual Matters and a Status Hearing, ECF No. 1383, the court required the parties to submit briefing on the standard of proof for determining the sentencing guideline loss amount at sentencing. ECF No. 1384. After hearing argument from the parties on July 11, 2022, the court ruled that the loss calculations must be proven by a preponderance of the evidence. ECF No. 1393.

On July 26, 2022, Defendant (through counsel) filed the instant Motion to Withdraw Pleas.[5] ECF No. 1394. She now claims that because the

---

[5] The court is aware that on August 26, 2022, Defendant, acting pro se, filed a supplement entitled "Violation of My Right to Trial When Government Breached Plea Bargain
(continued . . . )

Presentence Report, ECF No. 1385, includes loss amounts relating to counts to which she did not plead guilty, as well as uncharged counts, her entry of a plea of guilty was not knowingly and intelligently made. ECF No. 1394-1 at PageID ## 14196–97 (claiming that "Ms. Sullivan's guilty pleas were not knowing and intelligently made on July 20, 2021, when she represented herself and did not know or understand the conduct underlying the 57 dismissed Counts would be considered by the sentencing judge (in addition to the 4 Counts to which she plead guilty) in determining the severity of her sentence").

## III.  LEGAL STANDARD

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw from a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Although the burden is on the defendant to demonstrate a fair and just reason to withdraw from the plea, this standard is to be applied liberally. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). The defendant need not show that the plea itself was invalid in order to prevail. *Id*. at 806.

---

Agreement When I Only Plead Out to 4 Counts But Being Convicted (Sentenced) to All 61 Counts (See Santobello v. New York, 404 U.S. 257 (1972)). ECF No. 1401. Because Defendant is represented by counsel, the court ordered the Clerk to strike ECF No. 1401. *See* ECF No. 1402. Regardless, even if the court considered Defendant's representations in ECF No. 1401, it would not impact the court's analysis in this Order.

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). A "change of heart—even a 'good faith change of heart'—is not a fair and just reason that entitles [a defendant] to withdraw [a guilty] plea . . . ." *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009); *see also United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987); *United States v. Maxwell*, 498 F.3d 799, 802 n.3 (8th Cir. 2007); *United States v. Washington,* 480 F.3d 309, 316–17 (5th Cir. 2007). The failure to assert a claim of factual innocence is not held against a defendant seeking to withdraw a plea under Rule 11(d)(2)(B). *United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005).

"A defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected. Defendants cannot plead guilty to test the weight of potential punishment and then withdraw their plea if the sentence is unexpectedly severe." *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003) (citation and internal quotation marks omitted); *see also United States v. Showalter*, 569 F.3d 1150, 1156 (9th Cir. 2009); *United States v. Williams*, 743 F. App'x 791, 795 (9th Cir. 2018); *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("Nor do we believe that fear of receiving a harsh sentence, standing alone, constitutes a 'fair and just' reason to

8

withdraw a plea, even if counsel's initial advice as to length of plea turned out to be inaccurate."); *United States v. Banos-Mejia*, 588 F. App'x 522, 523 (9th Cir. 2014) ("Banos requested to withdraw his guilty plea only after realizing that the district court would enhance his sentence based on a prior conviction. The record does not reveal any other basis for his request. Therefore, we affirm the district court's denial of Banos's request to withdraw his guilty plea."); *United States v. Jackson*, 983 F.2d 757, 770 (7th Cir. 1993) ("Even if the district court had believed [the defendant], he could not have withdrawn his guilty pleas because he underestimated the Sentencing Guideline range."); *United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir. 1992) ("[E]ven if [the defendant] misunderstood the application of the Guidelines to his sentence, this would not entitle him to withdraw his guilty pleas, as he was apprised of the possible range of punishment and told that the Guidelines would apply.").

## IV. ANALYSIS

Defendant argues that her pleas of guilty were not knowing and intelligently made because she did not know or understand, as a pro se Defendant, that the "conduct underlying the 57 dismissed Counts would be considered by the sentencing judge (in addition to the 4 Counts to which she plead guilty) in determining the severity of her sentence." ECF No. 1394-1 at PageID # 14197. She also claims that she was "misled" into believing that she would be sentenced for conduct only related to the four counts of conviction. In essence, Defendant

complains that she lacked an understanding of federal sentencing procedure, including the application of the sentencing guidelines. This basis falls short of a fair and just reason to permit the withdrawal of her plea of guilty.

A. **Defendant's Failure to Understand the Application of the Sentencing Guidelines Is Not a Basis to Withdraw Her Pleas**

Throughout the lengthy plea process (taking place over six days between June 22, 2021, and July 20, 2021), Defendant was informed of the maximum possible penalties that applied to her pleas, that the court would consider the sentencing guidelines when imposing sentence, that the court could sentence her up to the maximum permitted by law, and that no promises had been made as to the sentence that she may receive. *See, e.g.*, ECF No. 1251 at PageID ## 13006–07; 13040; 13042; ECF No. 1260 at PageID ## 13165–66; 13168; 13147–48; ECF No. 1264 at PageID ## 13325–26; 13337. Defendant was also specifically told that at sentencing the Government could use any evidence that is "sufficiently reliable, that's relevant and sufficiently reliable to sentencing." ECF No. 1251 at PageID # 13041.

The plea agreement likewise sets forth the maximum possible penalties,[6] ECF No. 1203 at PageID # 12423, that the court would consider the

---

[6] As set forth in the operative plea agreement, Defendant was informed that the wire fraud counts—counts 1, 29, and 35—each carry a term of imprisonment of up to twenty years and a fine of up to $250,000. Further, Defendant was informed that the aggravated identity theft
(continued . . .)

sentencing guidelines when imposing sentence, and that there is "no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source," *id*. at PageID # 12441.  The plea agreement also sets forth disputed facts for the purpose of sentencing in paragraph 12:

> a.  For purposes of determining dollar amounts pertaining to loss for the calculation of the U.S. Sentencing Guidelines, restitution to victims, and forfeiture, the parties have not reached an agreement and those amounts are to be determined by the Court at sentencing.
>
> b.  The parties have not reached an agreement as to the identity and total number of victims involved in and affected by defendant's conduct.
>
> c.  The parties have not reached an agreement as to the specific date ranges of the three wire fraud offenses to which the defendant is pleading guilty and factually described above in paragraph 8.  The parties have also not reached an agreement on the scope of any relevant conduct.

*Id*. at PageID ## 12434–35.

Given this record, it is evident that Defendant's pleas of guilty were knowing and voluntary.  She understood the maximum possible punishment, that the court would consider the sentencing guidelines, that the court could consider

---

count set forth in the Information carries a mandatory minimum sentence of two years, consecutive to any other sentence, and a fine of up to $250,000. ECF No. 1203 at PageID # 12423.

11

any sufficiently reliable evidence, and that no promises had been made as to the sentence that she will receive. Further, the parties specifically set forth their dispute as to the amount of loss under the sentencing guidelines, as well as the identity and total number of victims, the date ranges of the wire fraud offenses, and the scope of relevant conduct. *See id.*

And Defendant's claim (even if true) that she lacked an understanding of the sentencing guidelines does not alter the court's conclusion. The Ninth Circuit has rejected this very argument—"a defendant cannot withdraw [her] plea because [she] realizes that [her] sentence will be higher than [she] expected." *Nostratis*, 321 F.3d at 1211. Any argument that the plea was not knowingly made because of Defendant's ignorance of the law also fails for another reason—Defendant was told in no uncertain terms that representing herself was unwise, and the Government would have an unfair advantage in understanding the law. Specifically, she was told during the *Faretta* inquiry that it wouldn't be a "fair fight," that the application of the sentencing guidelines would be complex, and that although the prosecution would understand application of the sentencing guidelines, she would not. And after being given these clear warnings, Defendant elected to proceed pro se and accept the risks associated with that decision. She cannot now complain of that unwise decision and that she did not understand application of the sentencing guidelines.

### B.     Defendant Was Not Misled as to Her Potential Sentence

In her motion, Defendant also "submits that she was misled into believing that she would be sentenced for conduct related only to the 4 counts of conviction." ECF No. 1394-1 at PageID # 14197. But she offers no evidence to support this statement. Instead, in a declaration, Defendant simply states that she believes "that the prosecution acted in bad faith and unfairly tricked me into pleading guilty." ECF No. 1394-2 at PageID # 14203. There is no explanation as to how the prosecution acted in bad faith or tricked her in any way. These conclusory allegations are insufficient to show that Defendant was *misled* in any way.

### V.     CONCLUSION

Based on the foregoing, Defendant's "Motion to Withdraw Pleas," ECF No. 1394, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 29, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS-KJM; *United States v. Sullivan*, Cr. No. 21-00096 JMS; Order Denying Motion to Withdraw Pleas, ECF No. 1394