IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEIHINAHINA SULLIVAN,<br><br>Defendant. | Case No. 17-cr-00104-JMS-1<br>Case No. 21-cr-00096-JMS-1<br><br>**ORDER DENYING DEFENDANT LEIHINAHINA SULLIVAN'S MOTION TO RECONSIDER**[1] |

Defendant Leihinahina Sullivan moves for reconsideration of the Court's July 31, 2025 Order denying her motion to recuse Senior District Judge J. Michael Seabright from ruling on her motion for compassionate release. Dkt. No. 1706.[2] Because Sullivan's motion for reconsideration is frivolous, the motion is DENIED.

Although Sullivan fails to acknowledge any legal standard for the instant motion, in the Ninth Circuit, "courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure." *United States v. Babichenko*, 2020 WL 6747962, at *1 (D. Idaho Nov. 17, 2020). Because the motion for reconsideration was filed within the time limits of Rule 59(e), the Court

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing or additional briefing.
[2] Unless otherwise noted, the Court cites to docket entries in Case No. 17-cr-104.

applies the same here.[3]

Sullivan does not come close to satisfying any of the conditions for Rule 59(e) relief. She asserts that (1) the "data" used in her motion for recusal was compiled by "Chat GPT Ai 4", (2) "Chat GPT Ai 4" concluded that the undersigned had "ties" to a "syndicate", and (3) she did not "misstate[]" her sentencing guideline range. Dkt. No. 1706 at 1.[4] First, whether or not "Chat GPT Ai 4" was used to aid Sullivan in preparing her motion for recusal is irrelevant. As explained in the July 31, 2025 Order, in many instances, the "data" therein was inaccurate and misleading, rendering the same useless for any purpose. Dkt. No. 1703 at 2-5. Whether Chat GPT, Sullivan, or both is to blame is of no moment. Second, to the extent Sullivan wishes to make baseless accusations about anyone, including the undersigned, she should not hide behind the unsubstantiated "conclu[sions]" of artificial intelligence. Moreover, Sullivan fails to explain why anything related to the undersigned is a reason to reconsider whether Judge *Seabright* should be recused. Third, contrary to Sullivan's contention, as explained in the July 31, 2025 Order, she <u>did</u> misstate her

---

[3] A Rule 59(e) motion must be filed within 28 days of the order challenged. Fed.R.Civ.P. 59(e). Here, the motion for reconsideration was filed 14 days after the July 31, 2025 Order. "[A] Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment [of the judgment] is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

[4] Sullivan also cites two pages' worth of cases without explaining how any of the same are pertinent here. Dkt. No. 1706 at 3-4. Therefore, the Court does not further consider them herein.

guideline range.  Dkt. No. 1703 at 3-4.  Judge Seabright did not vary upward when imposing her sentence, much less to a "major" degree (whatever that means).  The fact that Sullivan now wishes to raise purported errors in how the range was calculated, *see* Dkt. No. 1706 at 1-3, does not change that objective fact.  Moreover, even if she was correct, a single variance does little to support her principal argument: that there is a "troubling *pattern*" of more severe sentences meted out by Judge Seabright in the post-2018 time frame that warrants his recusal.  *See* Dkt. No. 1703 at 1.  As demonstrated by this Court's previous order, no such pattern is evident on the record presented.  *Id*. at 2-3.

For these reasons, Sullivan's motion for reconsideration is DENIED in both Case No. 17-CR-104 (Dkt. No. 1706) and Case No. 21-CR-96 (Dkt. No. 303).

IT IS SO ORDERED.

DATED: August 18, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

3