IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff-Respondent,<br><br> v.<br><br>LEIHINAHINA SULLIVAN,<br><br>   Defendant-Petitioner. | CR. NO. 21-00096 JMS<br>CIV. NO. 26-00315 JMS-RT<br><br>ORDER DISMISSING SECOND<br>OR SUCCESSIVE § 2255<br>MOTION, ECF NO. 355 |

**ORDER DISMISSING SECOND OR SUCCESSIVE § 2255 MOTION,
ECF NO. 355**

On July 20, 2021, while acting pro se, Sullivan entered a plea of guilty

pursuant to a plea agreement to counts 1, 29, and 35 of a Fourth Superseding

Indictment in Cr. No. 17-00104 JMS, and a single-count Information in Cr. No.

21-00096 JMS.[1]  *See* ECF No. 1202 in Cr. No. 17-00104 JMS and ECF No. 6 in

Cr. No. 21-00096 JMS.  Those matters were consolidated for sentencing, and on

March 28, 2023, Sullivan was sentenced to a term of incarceration of 180 months

in Cr. No. 17-00104 JMS and 24 months in Cr. No. 21-00096 JMS, with both

terms to run consecutive, resulting in a total sentence of 204 months.  *See* ECF No.

1530 in Cr. No. 17-00104 JMS and ECF No. 197 in Cr. No. 21-00096 JMS.

---

[1]  Unless otherwise stated, citations in this Order are to Cr. No. 21-00096 JMS.

Sullivan's conviction and sentence were affirmed by the Ninth Circuit on October 30, 2024.  ECF No. 260; *United States v. Sullivan*, 2024 WL 4616191 (9th Cir. Oct. 30, 2024) (unpublished).  The Supreme Court denied Sullivan's petition for writ of certiorari on March 24, 2025.  ECF No. 279; *Sullivan v. United States*, No. 24-6612, 2025 WL 889272 (U.S. Mar. 24, 2025).  Sullivan filed a timely motion pursuant to 28 U.S.C. § 2255 on February 10, 2025.  ECF No. 269. That motion was denied by this court on April 30, 2025, ECF No. 290, and the Ninth Circuit denied a certificate of appealability on August 14, 2025.  ECF No. 302.

Sullivan has now filed a document entitled, "28 U.S.C. § 2255 Statute of Limitations ('SOL') When Deceased Attorney Rustam Barbee Failed to Argue of Identity Theft Dated March 3, 2012, which was Brought 7/16/2021, Nine Years Later (5 years SOL)".  ECF No. 355 ("Motion").  In that filing, Sullivan argues that her attorney "provided ineffective assistance of counsel when he failed to argue that the 5-year statute of limitations" had run on the Aggravated Identity Theft charge in Cr. No. 21-00096 JMS, and that "[t]he statute of limitations is [a] jurisdictional requirement that cannot be waived by a plea." *Id*. at PageID.7024. Because Sullivan raises a claim of ineffective assistance of counsel, the court construes the Motion as one brought under § 2255.

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting

2

standards of 28 U.S.C. § 2255 (h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  Section 2255(h) states that:

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In short, because this court has no jurisdiction to consider Sullivan's second or successive § 2255 Motion, it is DISMISSED.  *See United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022) (stating that that a district court lacks jurisdiction over second or successive § 2255 motion without first obtaining permission to file from the court of appeals); *see also McCandless v. United States*, 2025 WL 2719026, at *2 (D. Haw. Sept. 23, 2025); *Tong v. Derr*, 2023 WL 6147103, at *3 (D. Haw. Sept. 19, 2023).

In addition, because the court determines that the Motion is meritless, it is not in the interests of justice to refer the Motion to the Ninth Circuit.  Under Ninth Circuit Rule 22-3, "[i]f an unauthorized second or successive . . . section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals."  Here, Sullivan's Motion is baseless— the very issue that Sullivan raises in her Motion was rejected by this court in its

April 20, 2025 Order denying her initial § 2255 motion:

> In her § 2255 Motion filed in Cr. No. 21-00096 JMS, Sullivan also argues that the 18 U.S.C. § 1028A(a)(1) aggravated identity theft charge violated the statute of limitations, which she refers to as a jurisdictional requirement that cannot be waived. ECF No. 269 at PageID.4780–4781. Contrary to this assertion, a defense based on the statute of limitations is not jurisdictional and may be waived. *See United States v. Akmakjian*, 647 F.2d 12, 14 (9th Cir. 1981); *see also United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997) (stating that a defendant's claims that a conviction is barred by the statute of limitations "is foreclosed by his plea"). Here, Sullivan knowingly and voluntarily waived any statute of limitation defense in her plea agreement. ECF No. 1203 at PageID.12421 (stating, in the plea agreement, that Sullivan "waives any statute of limitation defense to the offense charged in the Information.").

ECF No. 290 at PageID.5210 n.29; *see also* ECF No. 302 (Ninth Circuit Order denying a certificate of appealability).

The Court thus dismisses the Motion without prejudice to Sullivan seeking "authorization from the court of appeals on Ninth Circuit Form 12." *See* Note to Ninth Circuit Rule 22-3. The Clerk of Court is directed to CLOSE the civil case file, Civ. No. 26-00315 JMS-RT.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 23, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge